**HALL-RATTERMAN OIL CO v MEINERS**

Ohio Appeals, 1st Dist, Hamilton Co

No 3842. Decided April 13, 1931

Messrs. Mallon, Vordenberg & Marble, Cincinnati, for plaintiff.

Messrs. Burch, Peters, Geismar & DeFossett, Cincinnati, for defendant.

HAMILTON, J.

The lease was duly assigned by Kloeb to the plaintiff, and it became and was at the time of this action the owner of the lease.

The controversy grows out of the following clause in the lease:

"The privilege of renewing this lease for the full term of five (5) years beginning on and after the 20th day of September, 1929, is hereby given to the **lessor** upon the same terms and conditions as set forth herein."

The lease was given for a term of five years ensuing from the 20th day of September, 1924, and to end on the 19th day of September, 1929. Just prior to the expiration of the five years, plaintiff, the assignee of the lease, notified the defendant Meiners, that it elected to exercise the privilege of renewing the lease for the ensuing term of five years. Mrs. Meiners denied the right of renewal under the lease, and brought an action before a jus-

tice of the peace for restitution of the premises. As heretofore stated, the word "lessor", above quoted, plaintiff claims was intended to be "lessee", and claims the word "lessor" was a typographical error, and, therefore, a mutual mistake.

The original lessee, Kloeb, after his assignment of the lease, removed to Dallas County, Texas, and his deposition was taken there. He testified in substance that he called on Mrs. Meiners to ask her for a lease of the property, on which he desired to build an oil station. He asked her for five years with the privilege of renewal for five more years; that he first asked her for a lease for ten years; that she would not give that, but stated that she would give a lease for five years, with the privilege of renewal for five years more, under the same terms and conditions as the first five years; that he wanted this ten year lease, because his investment of putting up the building that he intended to erect would not benefit him for a period of five years; that he would have no way of getting his money back from the proposition in five years time. That thereupon they agreed to draw up a lease for five years with the privilege of renewal; that the option for the renewal of the lease ran to Kloeb, and it was so stated and understood. He stated they had Miss Loraine E. Cain draw the lease, and that instructions to her were to draw the lease for five years, with the privilege of renewal for five years more. He stated: "I wanted to protect my interest to this extent; I had five years to pay it and in the event the business was a flop I could still continue to have five years and I could have withdrawn at the end of that time, but if business was good I had a chance to make that lease for five more years, protecting my interest." He identified the lease which was in evidence, and testified that Mrs. Meiners signed it. He testified that at the time she signed it the lease contained this language: "The privilege of renewing this lease for the full term of five (5) years beginning on and after the 20th day of September, 1929 is hereby given to the lessor, upon the same terms and conditions as set forth herein." He stated that while those were the words of the lease that it was intended that he, the lessee, should have the option of renewal; that he thought he had that right, and so understood at the time it was signed; that he read over the lease hurriedly, believing that Miss Cain had drawn it in accordance with her instructions. He states the instructions to Miss Cain were to draw up the lease, with the provision that he would get the privi-

lege of renewal for five years; that Mrs. Meiners endorsed her consent on the lease to transfer it to the plaintiff. He stated that the clause "upon the same terms and conditions as set forth herein", was inserted by Miss Cain at his office, on his machine, after she·had drawn the lease in her own office on her own machine. The clause is, therefore, not in the same type as the body of the lease. He states in answer to the question of whether or not Miss Cain made a ·mistake when she put in the word "lessor", that "Miss Cain's instructions were to draw up the lease so that I would get the privilege of renewal for five years." He states that the filling station, or improvements he put on the property cost him about $4,000.

On cross-examination, he was asked if Mrs. Meiners didn't decline to let him have the property for a period of ten years. He answered: "She didn't decline, no," but that he felt that he was safeguarding his own interest in getting the lease for five years with the privilege of renewal, which was just as good as a ten yea lease. He stated that after Miss Cain added the phrase herein referred to as to the terms, together they took the lease to Mrs. Meiners; that her acknowledgment was taken and she signed the lease.

On re-direct examination he repeats that he told Mrs. Meiners that he would rather have a lease for five years, to see first how business would go, with the privilege of renewal on his part on the same terms. That Miss Cain was thoroughly familiar with the terms of the lease to be drawn, and it was satisfactory to Mrs. Meiners that Miss Cain draw the lease.

Mrs. Meiners testified that Kloeb came to see her several times about the lease for the premises; that she said she would not give a lease for ten years; that she would fix the rental at $35 for the first two years and $45 for the balance. She stated that he showed her a memorandum where he had the privilege of another five years. She testified she said: "You cannot have five years". She testified he said: "Mrs. Meiners, you are not acquainted with that like I am, you are the lessor, and I am the lessee and if you don't understand call somebody." In answer to the question what she did, she testified: "Mr. Quante said the lessor meant me and that the lease would come back in five years, I could set my rental." She stated that when they brought the lease there was a part on there that was not there at the time she signed it.

It is apparent from these discrepancies that Mrs. Meiners was confusing the circumstances of the negotiations in making the lease with the assignment of the lease. She further testified that Kloeb wanted ten years, and came several times, but she would not give it to him, and he said "five years is satisfactory to me, if it is to you, and it will come back to you. You were good to me to let me have it for this cheap price." Further, that he wanted ten years; that her husband was present when she signed it. Further in her testimony she was asked the question "I will ask you, ·if you did not, in that court state it was Mr. Kloeb's right, he to have the right to renew under this lease?" She answered:

"A. He was to bring it back to me.
Q. Answer the·question, it was your intention he was to have the right to renew?
A. Upon my terms and conditions."

In answer to further questions regarding the renewal, her answer was that the "renewal was under my terms", and repeatedly answered to these questions concerning the renewal: "The renewal was to be under my terms", and, that: "He was to come back to me."

The lessee, Kloeb in his evidence is clear and explicit and is supported by circumstances which he details. In addition his evidence is supported from the reasonable inference from the lease itself. To hold as claimed by defendant that the renewal was for the benefit of the lessor is entirely inconsistent with the evidence given by the lessee, for the reasons he desired the right to renew, and the force and effect of the written terms leads to the conclusion that the use. of the word "lessor" instead of "lessee" was a mistake on the part of the scrivener, and did not conform to the intention of the parties. There would be no reason for a lessor to provide a right of renewal to the **lessor.**

In a recent case this court held, where a deed provided that the title was to run to the "grantor", the error was so apparent that it required no further evidence than the instrument itself to determine the word "grantor" instead of "grantee" was a mistake.

It seems that the same proposition is here, and the use of the word "lessor" instead of "lessee" is so aparently a mistake that it would require nothing further than a reading of the instrument to indicate it was a mistake. Mrs. Meiner's evidence is not clear. It is ·in many instances inconsistent and she does' not deny the right to renewal on her terms.

We are of opinion that the evidence supports the claim that the word "lessor" was a mutual mistake and that it should be "lessee", and the lease may be so corrected.

It is argued that the clause "upon the same terms and conditions as set forth herein", is uncertain and is insufficient upon which to base the renewal, for the reason that the first five years called for $35 for the first two years and $45 for the next three years, and that this would raise the question, if there was a renewal, as to the interpretation of the question of terms, it might require oral evidence by reason of the ambiguity and uncertainty of this phrase. However, plaintiff has placed a construction on the same by tender of the rental of $45 a month for the full term of five years, and this is most favorable to the lessor, and its interpretation will be accepted as the proper construction of the terms.

A decree may be presented granting the relief prayed for in the petition.

ROSS, PJ, and CUSHING, J, concur.